```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

JESSE BROWN,                         :
                                     :
        Plaintiff,                   :
    VS.                              :
                                     :   NO. 4:20-CV-00053-CDL-MSH
Sheriff HANK LYNCH, *et al.*,        :
                                     :
        Defendants.                  :
_____      :

## ORDER

Presently pending before the Court are Plaintiff's Objections (ECF No. 11) to the Recommendation of the United States Magistrate Judge to deny Plaintiff leave to proceed *in forma pauperis* and dismiss his claims without prejudice (ECF No. 10). Plaintiff has also filed a second motion to amend (ECF No. 12) and a motion for a jury trial (ECF No. 13). For the reasons set forth below, Plaintiff's second motion to amend is **DENIED**. The Court has also thoroughly considered Plaintiff's Objections and performed a *de novo* review of the portions of the Recommendation to which Plaintiff objects. Having done so, and for the reasons explained below, the Court finds Plaintiff's Objections to be without merit.

**I.  Motion to Amend**

Plaintiff moved to amend his Complaint to add claims

against the warden of the Muscogee County Jail, Larry Mitchell, concerning the conditions of Plaintiff's confinement at that facility. Mot. Am. 1, ECF No. 12. Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course at this early stage of the litigation. Because Plaintiff has already amended his pleading once, however, he must obtain the Court's permission to amend his Complaint a second time. *See* Fed. R. Civ. P. 15(b). Although the Court should "freely" give permission to amend "where justice so requires," *id.*, the Court may deny leave to amend where the proposed amendment would be futile. *See, e.g., Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed . . . ." *Id.*

The Court finds that amendment would be futile in this case. As the United States Magistrate Judge already observed, the Federal Rules of Civil Procedure permit a plaintiff to join only related claims and defendants in a single complaint. *See generally* Fed. R. Civ. P. 18, 20. In order to properly join defendants under Federal Rule of Civil Procedure 20(a)(2), the plaintiff must establish that he is

2

asserting a right to relief against them "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and that "any question of law or fact common to all defendants will arise in the action." The Eleventh Circuit applies the "logical relationship" test to determine whether claims arise from the same transaction or occurrence for joinder purposes. *See, e.g., Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (citing *Republic Health Corp. v. Lifemark Hosp. Corp. of Fla.*, 755 F.2d 1453, 1455 (11th Cir. 1985)).[1] "Under this test, there is a logical relationship when the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Republic Health Corp.*, 755 F.2d at 1455 (internal quotation marks omitted).

Plaintiff's original Complaint concerned his allegedly unlawful arrest in Chattahoochee County, Georgia, his treatment in a holding cell there, and perceived

---

[1] The standard for whether claims arise from the same transaction or occurrence for Rule 20 purposes is the same as that used for compulsory counterclaims under Federal Rule of Civil Procedure 13. *See Smith*, 728 F. Supp. 2d at 1319.

irregularities in his pretrial hearings which also took place in Chattahoochee County. Plaintiff's claims concerning the conditions of his confinement in a different facility, in a different county, and by different Defendants do not rest on the same operative facts, nor has he identified any question of fact or law common to all Defendants. Joinder of the claims in Plaintiff's motion to amend is therefore inappropriate, and mis-joined claims may be dismissed without prejudice. *See* Fed. R. Civ. P. 21; *see also DirecTV, Inc. v. Leto*, 467 F.3d 842, 844-45 (3d Cir. 2006) (holding that "district judges have discretion to remedy misjoinders either by severing claims or dismissing them without prejudice"). Plaintiff's motion to amend to add unrelated claims is therefore **DENIED** as futile.

**II. Objections**

Plaintiff has also filed timely Objections to the Recommendation of the United States Magistrate (ECF No. 11). Plaintiff first provides additional detail about his claims that a Chattahoochee County sheriff's deputy named "Ron" tried to kill Plaintiff by placing him in a holding cell that had just been cleaned and was full of "ammonium." Objs. 1-2, ECF No. 11. Plaintiff claims that this incident places

4

him in "imminent danger of serious physical injury" for purposes of 28 U.S.C. § 1915(g) because he will likely be housed in Chattahoochee County again during his criminal proceedings. *See id.* But any allegations that "Deputy Ron" actually tried to kill Plaintiff are not only speculative, they relate to a past danger rather than an imminent one. And even assuming that Plaintiff will have to return to Chattahoochee County for additional criminal proceedings, Plaintiff has pleaded no factual basis for his speculation that he will be exposed to "Deputy Ron" in the near future or again placed in a holding cell that had just been cleaned by a county worker. *See* Compl. 8-9, ECF No. 1. To the extent Plaintiff objects to the Magistrate Judge's recommendation to deny his motion for leave to proceed *in forma pauperis* and dismiss the Complaint pursuant to 28 U.S.C. § 1915(g), his objections are **OVERRULED**.

Plaintiff next contends that his claims concerning his arrest and pretrial hearings in Chattahoochee County and his claims that jail officials at the Muscogee County Jail failed to provide him with appropriate medical care for his hernia are related for purposes of the federal joinder rules because he was being held in the Muscogee County Jail as a courtesy

to Chattahoochee County. This relationship is too attenuated to serve as the basis for joining the Muscogee County jail officials to this action. As discussed in more detail above, Plaintiff has not established a logical relationship between his claims against the Chattahoochee County Defendants and his claims against the Muscogee County Defendants, nor has he identified a common question of law or fact that will arise as to all named Defendants. Joinder of these two sets of claims is therefore inappropriate. *See State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416–17 (10th Cir. 1984) (affirming denial of joinder where allegations against proposed defendant were "only tangentially related to the issues and series of transactions" in the pending case because "[d]ifferent elements of proof are required for the proposed cause of action, involving different questions of fact and law").[2] Plaintiff's objection to the dismissal of his mis-joined claims is therefore **OVERRULED**.

Finally, Plaintiff objects to the Magistrate Judge's recommendation to dismiss his Complaint for failing to fully

---

[2] If Plaintiff wishes to pursue any claims concerning his treatment in Muscogee County, including those raised in his second motion to amend, he may file a separate § 1983 action. The Clerk is **DIRECTED** to mail Plaintiff a copy of the standard forms that Plaintiff may use for this purpose, if desired.

disclose his litigation history. Plaintiff states that he accurately wrote that he "didn't recall" the "date and number of cases that was dismissed as frivolous," and he answered "N/A" to the question requiring him to provide details about his previous lawsuits because he "didn't have a correct answer." Objs. 5, ECF No. 11. The Court's standard form, however, clearly indicates that the failure to disclose all prior civil cases may result in the dismissal of the prisoner's action; moreover, it specifically instructs the prisoner that if he is unsure of any prior cases filed, he must disclose that fact. *See* Compl. 2, ECF No. 1. At a minimum, therefore, Plaintiff should have clearly advised the Court that he had filed a number of federal cases over the years. Plaintiff's objection to the dismissal of his Complaint for failing to fully disclose his litigation history is **OVERRULED**.

### III. Conclusion

For the foregoing reasons, Plaintiff's second motion to amend (ECF No. 12) is **DENIED,** and the Recommendation of the United States Magistrate Judge (ECF No. 10) is **ADOPTED** and **MADE THE ORDER OF THE COURT.** Plaintiff's claims regarding his medical treatment are **DISMISSED without prejudice**, his

motion to proceed *in forma pauperis* in this action (ECF No. 2) is **DENIED,** and Plaintiff's original Complaint is also **DISMISSED without prejudice.** All additional pending motions, including Plaintiff's motion for a jury trial (ECF Nos. 7, 8, 9, 13) are **DENIED as moot.**

**SO ORDERED,** this 30th day of September, 2020.

        S/Clay D. Land
        CLAY D. LAND
        U.S. DISTRICT COURT JUDGE
        MIDDLE DISTRICT OF GEORGIA